UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEBORAH CORDELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-154 |
| ) | (VARLAN/GUYTON) |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court for consideration of plaintiff's Motion to Remand [Doc. 5]. Plaintiff originally filed a complaint against defendant in the Chancery Court for Campbell County, Tennessee. [*See* Doc. 1-2]. Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1441, arguing that there is diversity of citizenship between the parties and the amount in controversy exceeds the Court's jurisdictional minimum. [*See* Doc. 1]. In the instant motion, plaintiff seeks remand of the case to the state court, arguing the jurisdictional minimum amount in controversy is not satisfied, thereby depriving this Court of original subject matter jurisdiction. [*See* Doc. 5]. Defendant responds in opposition to the motion, arguing that plaintiff's claims for relief "more likely than not exceed the jurisdictional amount . . . ." [Doc. 12 at 1].

The Court has reviewed the pleadings and arguments, and for the reasons discussed herein, plaintiff's motion will be granted, and this case will be remanded to the Chancery Court for Campbell County, Tennessee, for that court's consideration and determination.

## I. Relevant Facts

Plaintiff's complaint states that she initiated this action after she was discharged from her employment with defendant. [Doc. 12-2 at 1]. She contends that defendant breached a contract and violated Tennessee's Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.*, when it allegedly discharged her based on her age. [*Id.*]. Plaintiff further complains that defendant committed the torts of intentional infliction of emotional distress and outrageous conduct. [*Id.* at 1-2]. Plaintiff sets forth factual allegations and demands relief as follows:

> WHEREFORE, the Plaintiff demands:
> 1. That process issue and be served upon the Defendant and that Defendant be required to answer this Complaint within the time required by law, but not under oath, its oaths being waived.
> 2. That the Plaintiff be declared to retain all salary, fringe benefits, credits and other employment benefits to which she is entitled based upon her employment relationship with the Defendant.
> 3. That the Plaintiff be restored to her employment.
> 4. That in the event that it is impractical to restore the Plaintiff to her employment, that the Plaintiff be awarded back pay and front pay and such other compensatory damages as the Court deems proper under the law and evidence not to exceed Seventy-Five Thousand Dollars.
> 5. That the Plaintiff be granted such further and general relief to which she may be entitled under the law and evidence.

[*Id.* at 9-10].

## II. Discussion

An action may be removed from state to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has original subject matter jurisdiction over two types of actions. The first type, which is not applicable here, involves those actions raising a federal question. *See* 28 U.S.C. § 1331. The second type involves those actions where there is a diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees. *See* 28 U.S.C. § 1332.

The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). In the instant motion, plaintiff contends that defendant has failed to satisfy its burden, because plaintiff's complaint specifically limits the requested relief to $75,000 or less. [*See* Doc. 6 at 2]. Defendant, however, responds that plaintiff seeks alternative forms of relief, one of which is limited to $75,000 or less, and another that is "more likely than not" greater than $75,000. [*See* Doc. 12 at 1-2].

As defendant correctly argues, [*see id.*], a review of the complaint makes clear that plaintiff seeks two alternative forms of relief. First, the demand for relief includes five separate, numbered paragraphs, which include a request for reinstatement and a request for back pay, front pay, and other compensatory damages in separate paragraphs. [*See* Doc. 12-2 at 9-10]. Plaintiff makes the request for back pay, front pay, and compensatory damages as an alternative to reinstatement by requesting them "in the event that it is impractical to

3

restore the plaintiff to her employment . . . ." [*Id.*]. Because they are alternative forms of relief, the Court must evaluate each them separately to determine whether defendant has shown that either form of relief meets the minimum amount in controversy requirement.

A.      Plaintiff's Request for Reinstatement

Where a claim for relief seeks recovery of some "unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the removing defendant must show the claim exceeds $75,000 by a preponderance of the evidence. *Gafford*, 997 F.2d at 158 (emphasis removed). In the present case, plaintiff demands that she be "restored to her employment," [Doc. 12-2 at 9], which is not "self-evidently greater or less than the federal amount-in-controversy requirement." *Gafford*, 997 F.2d at 158. Furthermore, where a plaintiff seeks injunctive relief, the jurisdictional amount is to be determined based upon plaintiff's "assigned value of [her] claims or the value of the right sought to be enforced." *Sherwood v. Microsoft Corp.*, 91 F.Supp.2d 1196, 1203 (M.D. Tenn. 2000). Therefore, defendant must demonstrate that the value plaintiff assigns to her claim for reinstatement is "more likely than not" greater than $75,000.

Defendant attempts to satisfy its burden by advancing three arguments. First, defendant argues that reinstatement is a feasible form of relief because plaintiff is "eligible for rehire." [*See* Doc. 12 at 2 (quoting Doc. 12-3)]. Second, defendant argues that, prior to her discharge, plaintiff intended to remain employed by defendant until "her twilight years." [*See* Doc. 12 at 2 (quoting Doc. 12-2 at 3-4)]. Finally, based on these arguments, defendant argues that if plaintiff were reinstated and maintained her employment with defendant for at

4

least six years while earning wages equivalent to those she earned prior to her discharge, the value of reinstatement to plaintiff would exceed $75,000. [*See* Doc. 12 at 2].

Plaintiff responds to defendant's valuation by arguing that defendant's calculation "deal[s] with hypotheticals [that] are not before this Court." [Doc. 13 at 1].

After reviewing the evidence and arguments, the Court must conclude that defendant's arguments are insufficient to satisfy its burden, because they depend too much upon assumption and speculation. First, defendant assumes that reinstatement is a feasible remedy because plaintiff is "eligible for rehire," [Doc. 12-3] but the eligibility for rehire of a discharged employee, by itself, does not indicate whether Court-ordered reinstatement is a feasible remedy in light of plaintiff's various causes of action. *See, e.g.*, 30 C.J.S. *Employer-Employee* § 94 ("A court generally cannot order the reinstatement of an employee in an action for breach of contract, but should order the reinstatement of an employee discharged in violation of public policy.").

Second, defendant speculates that plaintiff will remain employed by defendant for at least six years following reinstatement, thereby resulting in a value of reinstatement greater than the minimum amount in controversy requires. Certainly, this is a possible outcome of reinstatement, but there is nothing in the record to suggest that plaintiff would remain employed by defendant for at least six years, and it is just as possible that plaintiff will remain employed by defendant for a longer or shorter period. Thus, defendant has not demonstrated that the value of reinstatement to plaintiff is "more likely than not" greater than $75,000, the minimum federal jurisdictional requirement.

B. <u>Plaintiff's Alternative Request for Back Pay, Front Pay, and Other Compensatory Damages Not To Exceed $75,000</u>

Turning to plaintiff's alternative form of relief, where a claim for relief is specifically less than the federal requirement, removal is generally precluded because the plaintiff is "master of the claim." *See Gafford*, 997 F.2d at 157. The Sixth Circuit, however, has stated that in situations where a plaintiff seeks a specific amount that is less than the federal requirement and state procedural rules permit the recovery of an amount greater than the specific amount requested, the minimum amount in controversy requirement is satisfied if the removing defendant shows that it is "more likely than not" that the plaintiff's claims exceed $75,000, excluding costs and fees. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford*, 997 F.2d at 158). In *Rogers*, the Sixth Circuit stated that Tennessee Rule of Civil Procedure 54.03 permits a plaintiff to recover an amount exceeding the relief actually requested. *See* 230 F.3d at 871. Thus, in the present case, defendant must show that plaintiff's alternative claim for relief "more likely than not" exceeds $75,000, even though plaintiff expressly limited it to $75,000 or less. *See id*.

Defendant argues, "When the value of reinstatement is combined with the compensatory damages sought, the value of the relief sought is clearly more than $75,000." [Doc. 12 at 3]. This argument, however, contradicts defendant's earlier argument that plaintiff seeks alternative forms of relief. [*See* Doc. 12 at 1-2]. As the Court has already explained, plaintiff's complaint clearly requests compensatory damages as an alternative to – and not in combination with – reinstatement. [*See* Doc. 12-2 at 9]. Although defendant

6

Case 3:05-cv-00154   Document 16   Filed 03/28/06   Page 6 of 7   PageID #: 6

B. <u>Plaintiff's Alternative Request for Back Pay, Front Pay, and Other Compensatory Damages Not To Exceed $75,000</u>

Turning to plaintiff's alternative form of relief, where a claim for relief is specifically less than the federal requirement, removal is generally precluded because the plaintiff is "master of the claim." *See Gafford*, 997 F.2d at 157. The Sixth Circuit, however, has stated that in situations where a plaintiff seeks a specific amount that is less than the federal requirement and state procedural rules permit the recovery of an amount greater than the specific amount requested, the minimum amount in controversy requirement is satisfied if the removing defendant shows that it is "more likely than not" that the plaintiff's claims exceed $75,000, excluding costs and fees. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford*, 997 F.2d at 158). In *Rogers*, the Sixth Circuit stated that Tennessee Rule of Civil Procedure 54.03 permits a plaintiff to recover an amount exceeding the relief actually requested. *See* 230 F.3d at 871. Thus, in the present case, defendant must show that plaintiff's alternative claim for relief "more likely than not" exceeds $75,000, even though plaintiff expressly limited it to $75,000 or less. *See id*.

Defendant argues, "When the value of reinstatement is combined with the compensatory damages sought, the value of the relief sought is clearly more than $75,000." [Doc. 12 at 3]. This argument, however, contradicts defendant's earlier argument that plaintiff seeks alternative forms of relief. [*See* Doc. 12 at 1-2]. As the Court has already explained, plaintiff's complaint clearly requests compensatory damages as an alternative to – and not in combination with – reinstatement. [*See* Doc. 12-2 at 9]. Although defendant

correctly cites *Rogers* for the proposition that a Tennessee plaintiff may recover damages greater than those actually requested, *see* 230 F.3d at 871, it fails to offer any evidence or argument that the request in this case for back pay, front pay, and other compensatory damages "more likely than not" exceeds the federal jurisdictional minimum. Thus, the Court can only conclude that defendant has failed to satisfy its burden of showing that plaintiff's alternative claim for relief "more likely than not" exceeds $75,000.

**III. Conclusion**

For the foregoing reasons, defendant has failed to satisfy its burden of demonstrating that the federal jurisdictional requirements have been met. Accordingly, plaintiff's motion to remand [Doc. 5] will be granted. This case will be remanded to the Chancery Court for Campbell County, Tennessee, for that court's consideration and determination.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7